# Mills v. Ross.

In an action of trespass for damages, the record must show the subject of the cause of action. All that the summons must show is the day, the place and the hours between which the defendant must appear and before whom. It is not a statutory requirement that the summons should show the cause of action.

If the defendant negligently broke the furniture in carrying out of the house, the cause of action is case, and not trespass, and the Alderman would have no jurisdiction.

It is fatal to the judgment when by an inspection of the record, the real cause of action cannot be determined, two having been assigned with equal force and clearness.

In an action of trespass, it is necessary that the Alderman's record should set forth sufficient facts to show clearly that the action is trespass *vi et armis* and not trespass on the case, for the reason that of the latter causes he has no jurisdiction, and his record must clearly show his jurisdiction.

SUMMONS—CAUSE OF ACTION—TRESPASS VI ET ARMIS—

CASE—JURISDICTION.

Certiorari.

No. 30, August Term, 1901, C. P. of York Co.

J. R. Strawbridge, Esq., for exceptions.

James J. Logan, Esq., contra.

Opinion by STEWART, J., June 16, 1902.

The fourth exception filed to this record was abandoned at the argument. The first denies the jurisdiction of the Justice. The second denies the sufficiency of the statement of the cause of action in the summons. The third avers that the record does not show sufficient to authorize the Alderman to enter judgment against the defendant.

The summons sets out the cause of action as a plea of trespass for damages. There is no statutory requirement as to what the summons shall show on the subject of the cause of action. It is the record that must show this. All that the summons must show is the day, the place and the hours between which the defendant must appear and before whom. The second exception is therefore dismissed.

The first and third exceptions may be considered together.

The plaintiff's claim, as shown by the record, is for "$5 damages done to her, plaintiff's furniture by the defendant, he

h

Mills v. Ross.

breaking two tables and a bedstead on the 6th day of May, 1901, by wilfully and negligently carrying the same out of her house." If the defendant wilfully broke the plaintiff's furniture, the Alderman had jurisdiction, because it would be a wilful trespass to personal property: Act of March 22, 1814, P. L. 190.

If he negligently broke the furniture in carrying out of the house, the cause of action is case and not trespass, and the Alderman would have no jurisdiction. It cannot be determined from an inspection of the record which was the real cause, because two are assigned with equal force and clearness. This is fatal to the judgment: Wood v. Bronson, 2 D. R. 746; Geistwhite v. Bentzel, 8 York Leg. Rec. 181.

In view of the wider significance given to the word trespass by the Act of May 25, 1887, P. L. 271, it is necessary that the Alderman's record set forth sufficient facts to show clearly that the action is trespass *vi et armis* and not trespass on the case, for the reason that of the latter causes he has no jurisdiction, and his record must clearly show his jurisdiction.

The first and the third exceptions are sustained, and the judgment entered by the Alderman is reversed and set aside.

Reported by Arthur N. Green, Esq.,
York, Pa.